# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *   *
ROGER M. STECK,                         *
                                        *   No. 16-177V
                Petitioner,             *   Special Master Christian J. Moran
                                        *
v.                                      *   Filed: June 27, 2017
                                        *
SECRETARY OF HEALTH                     *   Stipulation; Tetanus vaccine;
AND HUMAN SERVICES,                     *   Hepatitis A vaccine; Hepatitis B
                                        *   vaccine; Guillain-Barré
                                        *   syndrome ("GBS").
                Respondent.             *
* * * * * * * * * * * * * * * * * * *   *
```

Steven M. Cohen, HoganWillig, Getzville, NY, for Petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION[1]

On June 27, 2017, the parties filed a joint stipulation concerning the petition
for compensation filed by Roger M. Steck on February 5, 2016.  In his petition,
petitioner alleged that the tetanus, hepatitis A, and hepatitis B vaccines, which are
contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and
which he received on June 27, 2013, caused him to suffer Guillain-Barré
syndrome.  Petitioner further alleges that he suffered the residual effects of this
injury for more than six months.  Petitioner represents that there has been no prior
award or settlement of a civil action for damages on his behalf as a result of his
condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and
Promotion of Electronic Government Services), requires that the Court post this decision on its
website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing
redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).
Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the vaccines either caused or significantly aggravated petitioner's alleged injury or any other injury, and denies that petitioner's current disabilities are the result of a vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum payment of $700,000.00 in the form of a check payable to petitioner, Roger M. Steck.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 16-177V according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| ROGER M. STECK, | ) | |
| | ) | |
| Petitioner, | ) | No. 16-177V ECF |
| | ) | |
| v. | ) | Special Master Moran |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1.   Petitioner, Roger M. Steck, filed a petition for vaccine compensation under the
National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine
Program").   The petition seeks compensation for injuries allegedly related to petitioner's receipt
of the tetanus, hepatitis A, and hepatitis B vaccines ("vaccines"), which are contained in the
Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).[1]

2.   On June 27, 2013, petitioner received the vaccines.

3.   The vaccines were administered within the United States.

4.   Petitioner alleges that, as a result of receiving the vaccines, he suffered from
Guillain-Barre syndrome ("GBS"), and that he experienced symptoms of this injury for more
than six months.

5.   Petitioner represents that there has been no prior award or settlement of a civil action

---

[1]   Petitioner also received the typhoid vaccine on that same date, but that vaccine is not covered under the
Vaccine Program.

1

for damages as a result of his alleged injuries.

6.   Respondent denies that the vaccines either caused or significantly aggravated petitioner's alleged injury or any other injury, and denies that petitioner's current disabilities are the result of a vaccine-related injury.

7.   Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $700,000.00, in the form of a check payable to petitioner.   This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.   As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. Section 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.   Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

2

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.    Payment made pursuant to paragraph 8 of this Stipulation, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.    The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13.    In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccines administered on June 27, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about February 5, 2016, in the United States Court of Federal Claims as petition No. 16-177V.

14.    If petitioner should die prior to entry of judgment, this agreement shall be voidable

3

upon proper notice to the Court on behalf of either or both of the parties.

15.   If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.   This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, *as amended*, except as otherwise noted in paragraph 9 above.   There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.   The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.   This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines received by petitioner either caused or significantly aggravated petitioner's alleged injury or any other injury.

18.   All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

### END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

*Roger M Steck*

ROGER M. STECK

ATTORNEY OF RECORD FOR
PETITIONER:

*St M Th*

STEPHEN MICHAEL COHEN
Hogan Willig *Steven M. Cohen*
2410 North Forest Road, Suite 201
Amherst, NY 14068
(716) 636-7600

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, M.D
Director, Division of Injury
  Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
  and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: _____

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4357

5

Respectfully submitted.

**PETITIONER:**


*Roger M Steck*

ROGER M. STECK


**ATTORNEY OF RECORD FOR
PETITIONER:**


STEPHEN MICHAEL COHEN
Hogan Willig *Steven M. Cohen*
2410 North Forest Road. Suite 201
Amherst. NY 14068
(716) 636-7600


**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**


CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington. DC 20044-0146


**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**


NARAYAN NAIR. M.D
Director. Division of Injury
  Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
  and Human Services
5600 Fishers Lane
Parklawn Building. Mail Stop 08N146B
Rockville. MD 20857


**ATTORNEY OF RECORD FOR
RESPONDENT:**


DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington. DC 20044-0146
Tel: (202) 616-4357

Dated:   6/27/17

5