# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * *  *
ROGER M. STECK,                      *
                                     *   No. 16-177V
            Petitioner,              *   Special Master Christian J. Moran
                                     *
v.                                   *   Filed: December 13, 2017
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *   Attorneys' fees and costs; waiver
                                     *
            Respondent.              *
* * * * * * * * * * * * * * * * * *  *
```

Steven M. Cohen, HoganWillig, Getzville, NY, for Petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Roger Steck filed a motion for attorneys' fees and costs. Mr. Steck is awarded the full amount of his request, **$82,121.16**.

\* \* \*

Mr. Steck alleged that various vaccinations caused him to suffer from Guillain Barré syndrome. The parties agreed to a stipulation resolving the amount of compensation. The stipulation was incorporated into a decision awarding Mr. Steck's compensation. Decision, issued June 27, 2017, 2017 WL 3205983. With

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

the merits of Mr. Steck's case resolved, the parties addressed attorneys' fees and costs.

Mr. Steck filed an attorneys' fees and costs petition on August 15, 2017, requesting $77,591.50 in fees and $4,529.66 in costs. Mr. Steck did not incur any costs personally. Pet'r's Mot., Exhibit B, filed Aug. 15, 2017 (General Order No. 9 statement).

The Secretary filed a response representing that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed Aug. 15, 2017, at 2. The Secretary did not raise any specific objections and recommended that the Special Master "exercise his discretion" when determining a reasonable award. Id. at 3.

This matter is now ripe for adjudication.

* * *

Because Mr. Steck received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e).

Pursuant to the rationale established in Swintosky v. Sec'y of Health & Human Servs., No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017),[2] the Secretary has waived any objections to the amount of fees requested. Absent any objections, Mr. Steck's request for attorneys' fees and costs is GRANTED IN FULL:

> **A lump sum of $82,121.16 in the form of a check made payable to petitioner and petitioner's attorney, Steven M. Cohen.**

These amounts represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for

---

[2] In Swintosky, the parties submitted a joint notice of decision not to seek review of the Fees Decision.

2

review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.